LAURA V. SEALE. v. GULF, COLORADO & SANTA FE R'y Co.

(Case No. 2098)

1. INJURIES — VIOLATION OF COMMON LAW DUTY — When one has violated a duty imposed upon him by the common law, he should be held liable to every person injured thereby, whose injury is the natural and probable consequence of his misconduct; and this liability extends to such injuries as might reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of the wrongful act.  (Citing McDonald v. Snelling, 14 Allen 290; Barron v. Eldredge, 100 Mass. 455; Kellogg v. C. & N. W. R'y Co., 26 Wis. 223, 278.)

2. SAME—NEGLIGENCE—PROXIMATE AND REMOTE-CAUSE—NEW, INTERVENING AGENCY— If, subsequently to the original wrongful or negligent act, a new cause has

intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. The original wrongful or negligent act will not be regarded as the proximate cause, where any new agency, not within the reasonable contemplation of the original wrongdoer, has intervened to bring about the injury. (Citing Ins. Co. v. Tweed, 7 Wall. 52, and Brandon v. Manufacturing Co., 51 Tex. 121.)

3. SAME—CAUSAL CONNECTION—Where, however, the intervening cause and its probable or reasonable consequences are such as could reasonably have been anticipated by the original wrongdoer, the causal connection between the original wrongful act and the subsequent injury is not broken, and an action may lie therefor.

4. RAILROADS—INJURIES RESULTING IN DEATH—PROXIMATE AND REMOTE CAUSE—NEGLIGENCE—PRACTICE—CASE STATED—Sparks emitted by the locomotive of a passing train of cars set fire to combustible material which the railway company had allowed to accumulate upon its right-of-way. A strong wind blowing at the time caused the fire rapidly to spread, and, when it approached near to and was threatening the fence that enclosed the premises of S., which were contiguous to the company's right of way at that point, C., fifteen years old and daughter of S., attempted to extinguish the fire. In the effort, the clothes on her person caught, and she was so severely burned that she in a few hours thereafter died. S. brought suit, under the statute, against the railway company for damages for the death of C., charging that her death was caused by the negligence of the company in permitting dry brush, weeds, and other combustible material to accumulate and remain upon its right of way, and in failing to provide proper appliances for preventing the emission of sparks from its engine, etc., and alleging that deceased was in the exercise of due care. The defendant demurred to the petition. *Held:*

(1) That whether C. was or was not negligent in her attempt to extinguish the fire, that attempt on her part, and not the negligence of the railway company in starting the flames, was the proximate cause of her death.

(2) That one exercising due care and incurring no risks should, in extinguishing a fire, have the flames to communicate to her clothes and thereby lose her life, is something so improbable that the anticipation of it should not be charged to the defendant under such circumstances.

(3) That whilst the railway company might have anticipated such an accident in the event of negligence on the part of the person killed by the flames, yet it was not bound to act in such case upon the theory, that persons who might be affected by its conduct, would be injured through their own negligence, and was therefore not obliged to take it into contemplation.

(4) That there was, in this case, no question of negligence to be left to the jury, and the district court, therefore, did not err in sustaining the demurrer and dismissing the cause.

CASE APPROVED—The case of Brandon v. Manufacturing Co. (51 Tex. 122), on the question of proximate and remote cause discussed in this case, approved.

CASES REVIEWED AND DISTINGUISHED—Kellogg v. C. & N. W. R'y Co., 26 Wis. 223 ; Fet v. R. R. Co., 59 Ills. 349 ; Pastene v. Adams, 49 Cal. 85 ; Page v. Bucksport, 64 Me. 51, reviewed and distinguished.

APPEAL from Burleson. Tried below before the Hon. J. B. McFarland.

This suit was brought by appellant, Laura V. Seale, November 24,

1884, to recover damages for the death of her daughter, Capitola Seale, which she alleged occurred August 30, 1884, from burns received in attempting to prevent the destruction of appellant's fence and dwelling by fire, originating from sparks emitted from appellee's engine.

The petition alleges that plaintiff, a widow, with her daughter Capitola, fifteen years of age, and four younger children, resided, on August 30, 1884, upon her farm adjoining defendant's right of way, near the station of Somerville, in Burleson county; that, on that date, the engine attached to a passing train of defendant's, emitted a large and unusual volume of sparks, cinders and coals, setting fire to a quantity of dry brush, grass and leaves, which defendant had allowed to accumulate and remain upon its right of way; that a strong wind was blowing at the time, and the fire spread rapidly to plaintiff's land adjoining defendant's right of way; that when it had reached a point near to the fence enclosing plaintiff's premises and was threatening the destruction of the fence and of the dwelling and other houses upon the premises, there being no male person upon the premises, Capitola Seale approached the point along the line of the fence opposite and near to the fire, and engaged in efforts to save the fence from burning, by putting out the fire as it reached it; and that while so engaged, and while using such reasonable care to prevent injury to herself and the property as a person of ordinary prudence would have used under like circumstances, the fire caught the clothing of Capitola Seale and burned her, causing her death within six hours.

The petition charges negligence upon defendant in allowing quantities of dry and combustible brush, grass and weeds to accumulate and remain upon its right of way; in failing to provide proper appliances for preventing the emission of sparks from its engines; and in entrusting the management of its engines to incompetent and unskillful persons; and specially charges negligence in the management of the particular engine, and in allowing the escape of sparks, cinders and coals therefrom, causing the fire in question.

The court below, on November 27, 1885, sustained a general demurrer to this petition, and, plaintiff declining to amend, dismissed the suit. From the judgment of dismissal plaintiff appeals.

*W. K. Homan*, for appellant, that the negligence of the railway company in originating the fire, was the proximate cause of the death of Capitola Seale, cited: Eames *v.* T. & N. O. R'y Co., 63 Tex. 660 ; H. & T. C. R. R. *v.* Smith, 52 Tex. 178 ; H. & T. C. R. R. *v.* McDonough, W. & W. Cond. Rep. 654-655 ; T. & P. R'y Co. *v.* Chap-

man, 57 Tex. 75; T. & P. R'y Co. v. Levi, 59 Tex. 674; Rorer on Railroads, 807; Thompson on Negligence, 1089-1091; Ib., 169, note 10; Pastene v. Adams, 49 Cal. 87; Page v. Bucksport, 64 Me. 51; Maher v. R. R., 13 Am. and Eng. R. R. Cases, 572; Savage v. R. R., Ib., 566; Poeppers v. M. K. & T. R'y Co., 67 Mo. 715; Lane v. Atlanta Works, 111 Mass. 136; Hill v. Winsor, 118 Mass., 251.

On the question of contributory negligence, he cited: R. R. Co. v. Robinson, 5 Tex. Law Rev. 590; H. & T. C. R'y Co. v. Gorbett, 49 Tex. 573; Rorer on Railroads, 793 (note 2), 800, and cases cited: Wait's Acts. and Def. vol. 6, 583, 584, 719; Wyandotte v. White, 13 Kans. 191; W. U. Tel. Co. v. Eyser, 2 Col. 141.

On the proposition, that negligence and proximate and remote cause were questions of fact for the jury, he cited: Eames v. T. & N. O. R'y Co., 63 Tex. 660; R. R. Co. v. Randall, 50 Tex. 260; R. R. Co. v. Murphy, 46 Tex. 356; R. R. Co. v. Ormand, 5 Tex. Law Rev. 645; Wait's Acts. and Def., vol. 6, 586, 598; Fletcher v. A. & P. R'y Co., 64 Mo. 484; Kenworthy v. Ironton, 41 Wis. 647.

*Garrett, Searcy & Bryan*, for appellee, that the attempt of Capitola Seale to extinguish the fire, and not the negligence of the railway company in starting it, was the proximate cause of her death, cited: Brandon v. Mfg. Co., 51 Tex. 126; R. R. Co. v. Ormand, 5 Tex. Law Rev. 645; Eames v. R. R. Co., 63 Tex. 665; Jones v. George, 61 Tex. 346; R. R. Co. v. Kellogg, 94 U. S. 474; Cooley on Torts, 70; Id. 679.

On the question of contributory negligence, they cited: R. R. Co. v. Gorbett, 49 Tex. 573; R. R. Co. v. Richards, 59 Tex. 373, and authorities cited; Addison on Torts, 33, 34; Id. 589; Id. 567; Cooley on Torts, 670.

That the plaintiff's petition, in stating her own case, made one of remote cause against the railway company, and was bad, on demurrer, they cited: R. R. Co. v. Richards, 59 Tex. 373; R. R. Co. v. Murphy, 46 Tex. 362; Eames v. R. R. Co., 63 Tex. 666.

WILLIE, CHIEF JUSTICE—The correctness of the ruling of the district judge in sustaining the general demurrer to the appellant's petition, depends upon whether or not the negligence of the defendant, in setting fire to the combustible matter upon its right of way, was the proximate cause of the death of Capitola Seale. The subject of proximate and remote cause, as applied to injuries resulting from negligence, has undergone frequent adjudication in the English and American courts, and the result has been a diversity of decision, from which but few general principles concurred in as correct can be extracted. One

principle seems pretty generally conceded, viz : ! When a defendant has violated a duty imposed upon him by the common law, he should be held liable to every person injured, whose injury is the natural and probable consequence of the misconduct ; and that the liability extends to such injuries as might reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of the wrongful act. McDonald v. Snelling, 14 Allen, 290 ; Barron v. Eldredge, 100 Mass. 455 ; Kellogg v. C. & N. W. R'y. Co., 26 Wis. 223, 278.

It is upon the question of what consequences are the natural and probable result of the wrongful act, or might have been anticipated as such, that the decisions diverge, and, in some cases, become irreconcilable with each other. It is generally held, however, that if, subsequent to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. Ins. Co. v. Tweed, 7 Wall. 52. This has been recognized as a correct rule in our own state. Brandon v. Mfg. Co., 51 Tex. 121.

What character of intervening act will break the causal connection between the original wrongful act and the subsequent injury is also left in doubt by the decisions. / If the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer, the current of authority seems to be that the connection is not broken. ' Thus, in the leading case, where the defendant threw a lighted squib into a crowd of people, one after another of whom in self-protection threw it from him until it exploded near the plaintiff's eye and blinded him, it was held that the defendant's original wrongful act of throwing the squib into the crowd was the proximate cause of the plaintiff's injury. It was natural and probable that any one struck by the squib would cast it from him, and the result was one which might reasonably have been anticipated. Scott v. Shepherd, 2 W. Blackstone 892 ; Cooley on Torts 71.

On the same principle, when sparks from an engine set fire to dry grass, weeds, etc., carelessly left in its way by the railroad company operating the engine, and, a high wind blowing at the time in the direction of the plaintiff's pasture, the fire was communicated to it, and from it to haystacks and houses of the plaintiff, the railroad company was held liable for their destruction by the fire. Kellogg v. C. & N. W. R'y Co., 26 Wis. 223.

The intervening causes were the high wind blowing at the time the fire escaped from the engine, and the burning of the pasture lying

near the place where the fire originated. It is plainly to be seen that these were causes which were either known to the company or which they should have contemplated would exist, to spread the flames until they reached the premises of the plaintiff. But if there had been no wind blowing at the time, and none could reasonably have been anticipated, and, without a high wind, the pasture would not, in the nature of things, have been reached by the fire, and, at the time the sparks escaped, or thereafter, a violent wind had suddenly arisen, which carried burning matter from the fire to the pasture, upon the principle before stated, the loss would have been a remote consequence, for which the railroad company would not have been liable. Felt v. R. R. Co., 59 Ill. 349.

It is only upon this principle the cases of Pastene v. Adams, 49 Cal. 89, and Page v. Bucksport, 64 Me. 51, cited by appellant, can be supported. In each case the new agencies contributing to the injury were such as would reasonably arise, and should have been anticipated by the parties committing the original wrongful act.

This court has not, heretofore, been disposed to carry the principle so far as the courts to whose decisions we have alluded. In the case of Brandon v. Mfg. Co., already cited, the cotton of plaintiff had been allowed to become wet through the negligence of the defendant company, with whom it was stored. In this condition it was shipped by a vessel to New York. On the way, the water in the cotton froze, and the cotton was thereby damaged to a considerable extent. The company was exonerated from responsibility, because of the intervention of the extreme cold weather, which was held to be the proximate cause of the damage.

It is needless to inquire as to whether the court, had the proper allegation and proof been made, might not have reached the opposite conclusion, upon the ground that the freeze should have been anticipated as the vessel was passing through a climate subject, at that season of the year, to such extreme degrees of cold. The case, at least, shows the tendency of our courts to take a conservative view of the question, and not to regard the original negligent act as the proximate cause, where any new agency, not within the reasonable contemplation of the original wrongdoer, has intervened to bring about the injury.

From the allegations of the present petition, it is clear that but for the attempt of the deceased to put out the fire, her death would not have ensued. This act of hers was the new agency, which, supervening upon the original wrongful act of the appellee, brought about the misfortune of which the appellant complains. The defendant

should have anticipated that its negligence would endanger the property of the plaintiff. It should have anticipated that plaintiff, and perhaps others, would attempt to extinguish the fire and thereby save her property. But could it have anticipated that in this attempt the life of anyone would be lost? It might have anticipated such an event in case of negligence on the part of the person killed by the flames; but no one is bound to act in such case upon the theory that parties who may possibly be affected by his conduct will be injured through their own negligence. In the event of negligence on the part of the injured person, such as is calculated to bring about the injury complained of, when it would not otherwise have happened, the original wrongdoer is excused. Hence, the latter is not bound to take it into contemplation. That the company, in the present case, should be held to have contemplated that the life of anyone attempting, in a careful manner, to extinguish the flames would be sacrificed, we think is unreasonable.

That one exercising due care, and incurring no risks, in extinguishing a fire, should have the flames communicated to her clothes, and thereby lose her life, is something so improbable that the anticipation of it should not be charged to anyone under such circumstances. Such a thing might happen, but it would be only from some casualty which could not possibly be foreseen; and, in such cases, as we have seen, the original negligence cannot be regarded as the proximate cause of the injury.

Whether the deceased was negligent or not in her attempt to put out the fire, we think that this attempt, and not the original negligence of the defendant in starting the flame, was the proximate cause of her death. This is made manifest from the face of the petition, and there was, therefore, no question of negligence to be left to the jury. The plaintiff could not have proved more than she had averred, and, if every allegation of the petition had been established by evidence, the court should have directed a verdict for the defendant. There was, therefore, no error in sustaining the demurrer and dismissing the case, and the judgment of the court below is accordingly affirmed.

AFFIRMED.

[Opinion delivered January 15, 1886.]