BENJAMIN BRYANT v. J. B. BURGE.

(No. 5784.)

APPEAL from Tarrant County. Opinion by WHITE, P. J.

COOMBES & GANO, counsel for appellant.

R. J. BOYKIN and R. L. CARLOCK, counsel for appellee.

§ 371. *Damages for personal injuries caused by act of another; intervening cause of damage; facts held insufficient to entitle plaintiff to damages.* Burge sued Bryant for $1,000 damages for injuries occasioned his, Burge's, wife from a fall over an iron stob alleged to have been negligently left by Bryant in a street of the city of Fort Worth. Burge recovered judgment for $500 and costs. The facts of the case are substantially as follows: Bryant was employed as a contractor by the Texas & Pacific Railway Company to remove the freight depot and offices of said company from the ground upon which they were standing to another location some fifty yards distant, which latter location was land owned by said company, and had been surveyed and designated by its engineers and the engineer of said city. On the evening of January 4, 1886, Bryant had removed the office of said company, a building twenty-five by seventy-five feet in dimensions, to the place which had been designated for it, and had placed it upon the blocks where it was to remain. In order to keep the building steady in place upon the blocks, and prevent it from settling unevenly, he braced it in the usual and necessary manner with braces at each end and corner. These braces were of lumber two by twelve inches and sixteen feet in length. One of the ends of each brace was placed against the house some distance above the ground, and the other inclined out and set upon the ground, at which latter ends stout iron stobs were driven into the ground until the heads of such

stobs rested upon the ends of the braces. The braces were put up by Bryant about 6 o'clock P. M., and left in that condition for the night. The place to which the building had been removed had been formerly used as a street and was much traveled, but the land belonged to said railroad company, and said street, by ordinance of said city, had been changed to other ground. About 9 P. M. of the night on which the braces were put up, Burge and his wife were passing along the way, when his wife's foot caught on one of said iron stobs, and she stumbled and fell, receiving the injuries complained of. It appears that, after Bryant left the said building on the evening of the accident, one of the braces he had placed against the building had been removed by some unknown person, and moved to and thrown across a mud-hole, to be used as a bridge over said mud-hole. The iron stob at the end of this brace was left protruding above the ground, and it was this stob which caused Mrs. Burge to fall. The stob was in the traveled pathway, several feet from the building, with nothing to indicate its presence, but was on the land of said railroad company.. The evidence further shows that, in using the stob as stated, Bryant followed the usual and customary plan for bracing buildings under like circumstances; and that, had the brace not been removed from where he had placed it, the accident to Mrs. Burge could scarcely have occurred. *Held:* An act done under lawful authority, if done in a proper manner, can never subject the party to an action, whatever consequences may follow. Nor will a man be answerable for the consequences of enjoying his own property in the way such property is usually enjoyed, unless an injury has resulted from the want of proper care or skill on his part. [Radcliff v. Mayor, etc. 4 Comst. (N. Y.) 196.] Bryant was using the property of the railroad company for the uses and purposes of said company and under its authority, and the manner of its use, so far as the evidence discloses, does not show any

negligence or want of proper care and skill on his part. [Howland v. Vincent, 10 Met. 371.] But, even if negligence could be imputed to him, he would still not be liable for damages under the facts of this case, because such negligence, if any, was not the proximate cause of the injuries complained of. Had the brace remained as he left it, it is not probable that the accident to Mrs. Burge would have occurred. It was the removal of the brace by some unknown person, thereby leaving the stob protruding and not likely to be seen in the night, that most probably caused the accident. The rules of law applicable to the facts in this case are clearly stated in Seale v. R'y Co. 65 Tex. 274, as follows: "When a defendant has violated a duty imposed upon him by the common law, he should be held liable to every person injured whose injury is the natural or probable consequence of the misconduct; and the liability extends to such injuries as might reasonably have been anticipated under ordinary circumstances as the natural and probable result of the wrongful act. It is upon the question of what consequences are the natural and probable result of the wrongful act, or might have been anticipated as such, that the decisions diverge, and in some cases become irreconcilable with each other. It is generally held, however, that if, subsequent to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. This has been recognized as a correct rule in our own state. [Brandon v. Mfg. Co. 51 Tex. 121.] What character of intervening act will break the casual connection between the wrongful act and the subsequent injury is also left in doubt by the decisions. If the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrong-doer, the current of authority seems to be that the connection is not broken." Even if Bryant acted negligently in plac-

ing the brace and stob he could not reasonably have anticipated that some person would remove the brace and leave the stob exposed.

April 25, 1888. Reversed and remanded.