### INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY
### W. A. EVANS.

Decided October 29, 1902.

**1.—Demurrer—Proximate Result.**

A demurrer to the petition because the damages claimed were not the proximate result of the negligence charged, but specifying no particular items of damage so attacked, was properly overruled if any part of the damage claimed was proximate.

**2.—Charge—Passenger Carrier—Connecting Lines—Proximate Result.**

Where the damages claimed resulted from the negligent act of defendant's brakeman in directing a passenger holding a ticket over its own and a connecting line into a sleeping car going over another connecting line, where he was rudely ejected by the train conductor for want of a proper ticket, a charge holding defendant responsible for any failure to exercise a high degree of care "in transporting the passenger safely to his destination under his ticket" was erroneous in that it permitted recovery from defendant for humiliation of plaintiff by the rudeness of the conductor of the connecting line, which was not a proximate result of the brakeman's error.

**3.—Evidence—Unused Ticket.**

The unused portion of the ticket of a passenger was admissible as evidence of the contract alleged, to transport plaintiff over the road.

Appeal from the County Court of Williamson County. Tried below before Hon. Chas. A. Wilcox.

*G. W. Allen,* for appellant.

*John D. Robinson* and *O. E. Roberts,* for appellee.

STREETMAN, Associate Justice.—Appellee brought suit in a justice court to recover damages of appellant. Upon appeal to the county court the pleadings were amended, and the petition upon which the case was tried alleged, in substance, as follows: That appellee bought from the Gulf, Colorado & Santa Fe Railway Company, at Fort

Worth, a ticket from Fort Worth to San Antonio and return, entitling him to a passage over the Gulf, Colorado & Santa Fe Railway from Fort Worth to Milano Junction, and thence over the International & Great Northern Railroad to San Antonio, and to return from San Antonio to Fort Worth by the same route. That he went to San Antonio on the ticket and on March 14, 1901, boarded a passenger train of defendant to return to Fort Worth. That after getting on the train he was sick, and requested a brakeman to show him a sleeper, asking for a sleeper which went by the route of his ticket. That the brakeman showed him a sleeper that did not go by the route of his ticket, but was turned over to the Missouri, Kansas & Texas Railway Company at Taylor and went over that road to Fort Worth. That plaintiff took a berth on the sleeper and paid $2 for it; and that shortly after leaving Taylor, the Missouri, Kansas & Texas conductor awoke him and demanded his fare, and he then learned for the first time that he was on the wrong road.

That he offered the conductor the unused portion of his ticket, but he refused to accept it, and "that he was ordered to leave said car and to give up his berth in a very harsh and rude manner, which he was compelled to do. That plaintiff had no means with which to pay his said fare, and was compelled to go through the train and beg of strangers for sufficient means to pay his transportation to Fort Worth, Texas."

That he was compelled to pay $2 for his passage to Fort Worth, and was deprived of his berth in said sleeping car. That he was damaged in said sum of $2, and the further sum of $198 for bodily suffering and mental anguish, caused by the great humiliation occasioned by the negligent acts of defendant, as aforesaid.

There was some conflict in the evidence, but it followed pretty closely the allegations of the petition, and judgment was rendered upon a verdict for $200 damages, from which the defendant has appealed.

Appellant complains of the action of the court in overruling a special exception that the damages claimed were not shown to be the proximate result of the negligent act of defendant. This exception did not point out any particular items of damage, but was directed against the whole amount claimed. Some of the damages claimed might have been caused by the negligent act, and the court, therefore, did not err in overruling the exception as it was presented.

The court gave the following charge: "Where a party is received by a railroad company as a passenger for hire, the company is required to use a very high degree of diligence and care in the transportation of the passenger safely *to his destination under his ticket;* and you are further instructed that railroad companies are responsible for injuries resulting from the negligence of their agents, employes, and servants acting within the scope of their authority; and if you find from the evidence that the plaintiff in this case received the injuries complained of, if any, without fault on his part, and as a result of the failure of defendant, its servants, and employes to use proper diligence in *transporting plaintiff to his destination,* you will find for the plaintiff."

This charge is complained of because it imposes a heavier liability upon appellant than the contract made by it. Under the contract appellant was only bound to carry appellee to Milano Junction, but his ultimate destination under his ticket was Fort Worth. Appellant was bound to use proper care to see that he was safely carried to Milano, and would be liable for any damages that resulted proximately from a failure to perform this duty; but this charge compels the use of such care "in the transportation of the passenger safely to his destination under his ticket."

Appellee contends that the jury could only have understood that Milano Junction was the destination under the ticket, but we are unable to agree with this contention. They might as easily have understood that Fort Worth was meant as the destination. If we were able to say from the evidence that the jury did not consider any items of damage which were not the proximate result of the negligent act of the brakeman in putting appellee in the wrong sleeper, then we might conclude that the error in the charge was harmless.

Appellee, however, as we have seen, alleged, "that he was ordered to leave the car and to give up his berth in a very harsh and rude manner." Upon the trial he testified: "The conductor was very rough in speech to me, pointing to the door, and telling me to get out." The conductor of the Missouri, Kansas & Texas train also testified: "I may have spoken rather abruptly to Mr. Evans."

Under the charge of the court the jury were authorized to consider the humiliation of appellee as a part of his injuries; and there is, perhaps, no other circumstance in the evidence that would have been more likely to have humiliated him than this rough treatment by the Missouri, Kansas & Texas conductor.

It is sometimes difficult to draw the line between those injuries which are and are not the proximate result of a wrongful act. In this case it seems that it might have been reasonably anticipated that, if appellee was placed in a sleeper which was turned over to another railroad, such road would compel him to pay his fare, and that if he did not have the money to pay it, he would either have to borrow it or be ejected from the train; and, knowing that he was sick, they might anticipate that this would cause him some physical discomfort and involve some degree of humiliation. Seale v. Railway, 65 Texas, 274.

We do not believe, however, that it was the natural or probable result of the wrongful act that the conductor on the Missouri, Kansas & Texas road should have treated him roughly or spoken abruptly to him. This appears to be an independent act on the part of the conductor, which constitutes a new cause in itself, and the humiliation resulting from it could not be attributed to the original act of the brakeman in putting him in the wrong sleeper.

Under the charge of the court requiring appellant to use a "high degree of diligence and care in the transportation of the passenger to his destination under his ticket," and to "take into consideration the manner

of his injury, if any, his mental distress, anguish, and humiliation," the jury may have very properly considered the distress and humiliation caused by the rough treatment of the Missouri, Kansas & Texas conductor, which we do not think was a proper element of damages to be considered; and that they did so, is probable from the fact that they assessed the full amount of damages sued for.

The tenth assignment of error assails the verdict because there was no evidence to show that the act of the brakeman in directing appellee to the sleeper was within the scope of his authority. As the case must be reversed because of the error in the charge, it is not necessary to pass upon this question. We suggest, however, that upon another trial it would be well to eliminate the question by introducing evidence on the subject.

There was no error in admitting in evidence the unused portion of the ticket. It was sufficient to evidence the contract alleged. Ing v. Railway, 4 Texas Ct. Rep., 853.

Because of the error in the court's charge, the judgment is reversed and the cause remanded.

<em>Reversed and remanded.</em>