## D. C. FLINT v. MARY A. BOWMAN, ADMINISTRATRIX.

### Decided March 17, 1906.

#### Dangerous Premises—Owner—Liability.

The plaintiff while traveling a public road was unable to follow the same because hidden by snow, and, wandering from the road, drove into an old well on defendant's premises distant from three hundred yards to a half mile from said public road, and lost his horses and harness therein. Held, that the defendant was not guilty of negligence, and therefore not liable.

Appeal from the District Court of Hemphill County. Tried below before Hon. B. M. Baker.

*W. D. Fisher,* for appellant.

*H. E. Hoover* and *Willis & Willis,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This suit was filed in the District Court of Hemphill County by L. T. Bowman to recover of D. C. Flint the sum of $500 damage for the value of a team of horses and harness lost by falling into a well on premises belonging to the defendant by reason of the alleged negligence of defendant in failing to properly protect the same. Upon a trial before a jury there was verdict and judgment in favor of plaintiff for the sum of $380, from which the defendant has appealed.

Briefly stated, the evidence shows that L. T. Bowman, in company with two other persons, undertook to drive from Canadian to a ranch located in the southeast portion of Hemphill County. After the journey was begun, a heavy snow commenced to fall, and by the time the section of land upon which was situated defendant's well was reached the entire face of the country was completely covered with snow to a depth of probably fifteen inches or more, and all trace of the public road obliterated. In attempting to cross this section Bowman was unable to follow the road and drove into an old well which is described as being about eight feet across the top and seventy-five to ninety feet deep. The horses and harness were lost, while the occupants of the vehicle were enabled to escape. The old well is situated from three hundred yards to a half-mile distant from the road, and while it was covered with some old poles, they were not sufficient to prevent horses coming upon them from falling through and into the well below.

Under these facts we think the court should have instructed a verdict for the defendant. It is inconceivable that the owner of such a well could reasonably have anticipated that a traveler along the public highway situated as far distant as was the highway in this instance, would have been endangered by this well while exercising proper care to stay in the public road. The law undoubtedly is that one who maintains a dangerous well or excavation in such proximity to a public or traveled highway as to endanger the safety of those lawfully using such highway, is liable for his negligence, upon the principle that he ought to anticipate the injury. But whatever the lack of care in maintaining a dangerous pit upon one's own premises, if it be so far remote from the

public highway as that he could not reasonably anticipate that a traveler lawfully traveling along the highway would by false step or swerve or otherwise be injured, he is not liable, though an injury actually occurs. Missouri, K. & T. Ry. Co. of Texas v. Dobbins, 40 S. W. Rep., 861; Sanders v. Reister, 46 N. W. Rep. (Dak.), 680, and authorities cited. See note to Lepnick v. Gaddis, 26 Law Rep. Ann. (Miss.), 686. There is no predicate in the petition for a liability other than upon the theory that the well was in such proximity to the public road as to endanger travel thereon.

Entertaining these views upon the facts, we order that the judgment of the District Court be reversed and judgment here rendered in favor of appellant.

*Reversed and rendered.*