**MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. STEGALL.** (No. 3649.)

Court of Civil Appeals of Texas. Texarkana. March 14, 1929.

Rehearing Denied March 28, 1929.

Bruce McMahan, of Greenville, for appellant.

Bowman & Bowman, of Greenville, for appellee.

WILLSON, C. J. (after stating the facts as above). The question presented by the proposition in appellant's brief may be stated as follows: Did it appear that appellee had failed to discharge the burden resting upon him to prove that appellant was guilty of actionable negligence as charged against it? We think the question should be answered in the affirmative.

It may be conceded there was evidence warranting a finding that appellant was guilty of negligence in not providing means reasonably sufficient to warn persons traveling east on Pickett street to its right of way of the existence of the ditch thereon. Flint v. Bowman, 42 Tex. Civ. App. 354, 93 S. W. 479. And it may be conceded further that it appeared such negligence was the proximate cause of any injury to the automobile resulting directly from its going into the ditch. But this suit was for injury to the car by fire alone, caused, not by the car going into the ditch, but by Thomas' act in starting the motor. Hence the question for decision may be narrowed and stated as follows: Was negligence of appellant as charged against it the proximate cause of the burning of the automobile?

Appellant insists the answer should be in the negative, because it appeared such burning was due immediately to, and would not have occurred but for, the act of Thomas in attempting to start the motor of the automobile as he did. It is argued in support of that view that it should not be said a reasonably prudent person would have anticipated that Thomas would attempt to start the car as he did, nor that such an attempt, if made, would result as it did.

Appellee insists the jury had a right to answer the question in the affirmative as they did; and, in support of that view of the evidence, argues it was permissible to conclude that a reasonably prudent person would have anticipated any one in charge of the automobile would not leave it in the ditch, but would attempt to get it out of same, and would have anticipated, further that, in making such attempt, the car's motor would be started, and that starting same might result in injury to the car by fire.

We think it should be held that Thomas' act and its consequences were not such as appellant reasonably should have foreseen would result from its negligence, but that such act was an "intervening efficient cause" which broke the sequence of appellant's negligence, and that same therefore was not actionable within the law applicable. Milwaukee & St. P. R. Co. v. Kellog, 94 U. S. 469, 24 L. Ed. 256; Seale v. Gulf, etc., Ry. Co., 65 Tex. 274, 57 Am. Rep. 602; Galveston, etc., Ry. Co. v. Bell, 110 Tex. 104, 216 S. W. 390; Alice, Wade City & C. C. Telephone Co. v. Billingsley, 33 Tex. Civ. App. 452, 77 S. W. 255; Thompson v. Ry. Co., 91 Ala. 496, 8 So. 406, 11 L. R. A. 146; 1 Thompson on Negligence, § 49 et seq.; 22 R. C. L. 132 et seq.; 45 C. J. 905, §§ 480, 491 et seq., 931. The testimony of Thomas was that the front end of the car "went in the ditch five or six feet"; that the "front end dropped down until the bumper was holding it against the far side of the ditch"; that the bumper "had gone across to the far bank of the ditch and held it up, with the help of the fenders"; and that the car "was almost standing on the radiator."

We do not think it would have occurred to a reasonably prudent person that any one operating an automobile which had gone into a ditch as the one in question had, according to the testimony referred to, would attempt to get the car out of the ditch in the way Thomas did, without first looking to see if gas was escaping therefrom. Certainly, if appellant reasonably should have foreseen that such an attempt would be made, and if made would result in starting a fire that would burn the car, Thomas and the man he employed to assist him should have foreseen as much. It is plain, we think, that appellant's negligence and Thomas' and his assistant's act did not concur in causing the fire, and that injury to the car by fire would not have occurred had proper care been used in getting it out of the ditch.

The judgment will be reversed, and judgment will be here rendered that appellee take nothing by his suit.