### BLEDSOE v. CITY OF AMARILLO.
### No. 5189.

Court of Civil Appeals of Texas. Amarillo.
Sept. 9, 1940.

Rehearing Denied Oct. 7, 1940.

James O. Cade, of Amarillo, for appellant.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellee.

FOLLEY, Justice.

The appellant, C. B. Bledsoe, filed this suit against the City of Amarillo seeking damages for personal injuries alleged to have been received by him when he slipped and fell on Eighth Avenue in the City of Amarillo. The trial court sustained a general demurrer to appellant's petition and, upon his refusal to amend, dismissed the suit.

The appellant alleged that on the 18th day of September, 1937, about eight or nine o'clock A. M. he was walking eastward on West Eighth Avenue between Madison and Monroe Streets in the City of Amarillo where there was no sidewalk on either side of such avenue or street; that the north side of the avenue was unpaved and muddy and he was walking on the south side as near to the south curb as he could get; that as he approached the alley-way halfway between Madison and Monroe he noticed that a great deal of water and mud had accumulated in the mouth of the alley where it came out into Eighth Avenue; that he walked carefully outward to the north in an effort to go around the water and mud which extended out into the avenue; that in doing so he stepped upon a piece of cardboard lying in the street which appeared to be entirely dry but that water, because of the stoppage of its normal flow, had accumulated under the cardboard in such way that it could not and was not discovered by the appellant; that as he stepped upon the cardboard it slipped by reason of mud beneath it causing him to fall and break both of his hips; that the mud and water had accumulated in the alley and in the street as a result of a large amount of trash and other debris which had been deposited by residents of the city in proper receptacles at the rear of properties in that neighborhood pursuant to instructions from the officers of the city so that such trash and debris might be hauled away in certain trucks maintained by the city for that purpose; that for three or four weeks the city employees had failed and refused to move the trash and debris from such receptacles and permitted it to become scattered in the alley and to clog the normal flow of the water therein; that it had rained the previous night and trash left in the alley had caused the clogging of the alley to the extent that

mud and water had collected in the street and alley at a point where the mouth of the alley came into the street; that this condition made the street dangerous to the people passing and more particularly to appellant, a man sixty-nine years of age; that the appellee knew, or in the exercise of ordinary care should have known, that leaving the street in such condition was dangerous; that the appellee was negligent in permitting trash, weeds and debris to accumulate in said alley in such manner that water from ordinary rainfall would not flow through such alley to the extent that water and mud were forced to stand out in Eighth Avenue where pedestrians might be injured in passing the mouth of the alley; and that the appellee was negligent in permitting trash, weeds and debris, and particularly the cardboard upon which the appellant slipped and fell, to be washed or blown from the alley into the street.

The theory of the trial court in sustaining the general demurrer to appellant's petition as expressed in the judgment was "that the allegations of plaintiff's petition, if accepted as true, fail to show any causal connection between the acts and omissions charged as negligence and the actual accident by which plaintiff was injured as that accident is described in plaintiff's petition, or that the accident as it occurred was in any sense forseeable as the natural or probable consequence of the allegedly negligent act; further, that the particular thing to which plaintiff's own pleadings charge the accident, to-wit, the presence of the cardboard upon which plaintiff slipped, is not shown by plaintiff's pleadings to have constituted negligence on the part of defendant, and in any event plaintiff's pleadings are wholly insufficient to assert any cause of action for which the defendant, the City of Amarillo, is entitled to respond in damages, even accepting as true the facts pleaded by plaintiff". In this conclusion we think the trial court was correct.

Obviously, appellant's petition does not undertake to charge the appellee with negligence on any theory that the city, with knowledge actual or constructive, had permitted a dangerous condition to exist on Eighth Avenue. The appellant does assert that for a considerable time the city had permitted the accumulation of trash and debris in the alley, but nowhere does he allege that the particular condition to which his injury was attributable—the de-

ceptive cardboard—had existed prior to the morning the accident occurred. Nor is it alleged that the appellee knew, or by the use of reasonable diligence should have known, that this particular condition existed. It seems that a fair analysis of such pleading is that the immediate cause of the accident was not the neglect of the city in failing to remove the trash and debris from the alley, but on the contrary was the piece of cardboard which appellant asserts was deceiving to him. He thought it was dry and chose to step on it rather than around or over it. It was therefore apparent to him, and, no doubt, would have been to the officials and employees of the city, that there was nothing vicious about the cardboard itself. It, alone, would not have produced the injury. It took the water and mud underneath the cardboard to create the hazardous condition affording the occasion for the fall of the appellant. The question therefore arises as to whether those responsible for the presence of the trash and debris in the alley should reasonably have anticipated in the light of the attending circumstances that by reason of their neglect of duty the injury sustained or some similar injury would probably result.

We think the question presented suggests a negative answer. It is our opinion this case falls clearly within the rules announced by our Supreme Court in the following cases: Seale v. Gulf, Colorado & Santa Fe Ry. Co., 65 Tex. 274, 57 Am.Rep. 602; Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; City of Vernon v. Lisman et al., Tex.Com.App., 17 S.W.2d 769; and San Antonio & A. P. Ry. Co. v. Behne, Tex.Com.App., 231 S.W. 354.

In the Seale case recovery was denied for the alleged wrongful death of a young girl who was seriously burned in trying to extinguish a fire caused by the negligence of the defendant. In such case it is said: "That one exercising due care, and incurring no risks, in extinguishing a fire, should have the flames communicated to her clothes, and thereby lose her life, is something so improbable that the anticipation of it should not be charged to anyone under such circumstances. Such a thing might happen, but it would be only from some casualty which could not possibly be foreseen; and, in such cases, as we have seen, the original negligence cannot be regarded as the proximate cause of the injury."

In the Bigham case the negligence of the railway company in having a defective fastening upon a gate to its stock pens was held not to be the proximate cause of injuries to the owner of cattle who was injured by the cattle escaping through the gate after having been frightened by the noise of a passing freight train. In that case the opinion by Chief Justice Gaines states [90 Tex. 223, 38 S.W. 164]: "In our opinion, nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury of the person of the plaintiff. The act of the defendant in permitting the fastening to its gate to become insecure was in itself lawful; and, since it was clearly out of the range of reasonable probability that an injury to the person of any one should result, it should be held, as a matter of law, that the negligence of the company gave no right of action for such injuries."

In the Lisman case liability was denied for the death of one whose automobile became stalled in a mud hole in the City of Vernon, Texas. While the decedent was trying to extricate his automobile from the mud hole he was struck and killed by a passing motorist. The city was alleged to have been negligent in permitting the mud hole to remain in the street. In that case it is said [17 S.W.2d 770]: "* * * but here the negligence of the city did not, to any extent, proximately cause the death. It was at most only the occasion for deceased's presence in the street. The universal test of the legal conception of proximate cause, plainly stated, is whether or not the wrongdoer could reasonably have anticipated that such a consequence would follow. The whole question is thoroughly discussed in Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, which has long been considered as the last word on 'proximate cause.' By analogy the case of Fort Worth & R. G. Ry. Co. v. Neely (Tex.Civ.App.) 60 S.W. 282, is in point. There the railroad company negligently maintained a mudhole in a public street in Granbury. Charles Neely was thrown from the buggy in which he was riding because his horse became frightened at escaping steam from a passing engine and ran into the mudhole. It was there held that the negligence with respect to the mudhole was but passive and was not the proximate cause of Neely's injury and

death. The fright of the animal and his running away was held to have been an efficient intervening cause of the accident. So here the act of the driver of the passing automobile in striking Lisman was itself an efficient intervening cause of his death, whether such act was negligence or not. It adds nothing to plaintiff's case that the accident would not have happened but for the negligence of the city in maintaining the mudhole. That was true in the Neely Case. This does not make such act a proximate cause of the subsequent injury. It would be purely speculative to hold that the city ought, under such circumstances, to anticipate not only that an automobile might become stalled in the mudhole and that its driver or occupant would get out into the street and make an effort to start it, but that another vehicle would run him down and injure him."

The Behne case was an action for damages brought against a railway company to recover for the death of Ed Behne who was drowned by being thrown from a tree in which he had taken refuge from the flood waters of a stream, the tree having been struck by a bridge of the defendant which had been washed away by the flood waters of the stream. Liability was predicated upon the failure of the railway company in constructing its road bed and tracks to provide the necessary drainage for the adjacent land. The controlling question in that case was whether the failure of the railway company in that particular was the proximate cause of the drowning of the deceased. After discussing the Seale and Bigham cases the opinion in the Behne case concludes [231 S.W. 357]: "We think a proper application of the principles above announced leads to the conclusion that the failure of defendant company to provide proper drainage as required by the statute was not the proximate cause of the death of plaintiff's son. Conceding that the flood was not so unprecedented, either in height or suddenness, as to be without the purview of the statute, and that defendant should reasonably have anticipated its happening, and that it might result in washing away the bridge; nevertheless, the chain of circumstances which brought about plaintiff's position of peril was so unusual and improbable as to be wholly without the sphere of events which defendant ought reasonably to be held to have anticipated.

That the events of this chain were possibilities is, of course, conceded. This is demonstrated by the fact that they did happen, and as a result of the operation of natural laws. But the extreme improbability of the resultant death of plaintiff's son rests in the fact that it could only happen at a time of heavy flood, unusual in its suddenness and under such circumstances that no one could be presumed to be, except by the barest stretch of the imagination, in the path of the destroying agency —the washed away bridge. The causal connection between the negligence which put in motion that agency, and the injury, is not controlled by the fact that the agency acted directly upon the injured party. That causal connection was broken in contemplation of law by the intervention of disconnected and independent agencies, brought into being by a chain of circumstances so improbable as to render them in law unforseeable. The breaking away of the bridge was indeed a cause, and an immediate cause, of the injury. Without it, the injury would in all probability not have happened. But the relation between the wrongful act complained of and the ultimately resultant injury is so remote as to require resort, not to probabilities, but to fantastic speculation in bare possibilities, if not indeed to 'prophetic ken'; which the law does not require."

■■■■ Measured by the rules announced in the above authorities, and viewing the pleadings of the appellant in their most favorable light, we think it would be highly speculative to assert that the necessary element of forseeableness and anticipation of injury is present in the instant case. The basis of the rule in this respect as announced in the Bigham case is that one should not be held responsible for those consequences of his acts which in the light of common experience he could not reasonably be expected to have anticipated. "It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of foresight should not be arbitrarily imputed". Although the City of Amarillo may have been guilty of negligence in leaving the trash and debris in the alley, this wrongful conduct is, in our opinion, just about as remote from the actual fall of the appellant as it would have been from injuries received from the bite of a poisonous reptile

lurking under the cardboard upon which he stepped. In either event the element of proximate cause is lacking and the causal connection is absent.

The judgment is affirmed.