## GOUNA v. O'NEILL et al.

### No. 5273.

Court of Civil Appeals of Texas. Amarillo.

March 10, 1941.

Grady L. Fox, of Amarillo, for appellant.

Simpson, Dorenfield & Fullingim, of Amarillo, for appellee Plains Creamery.

E. T. Miller, of Amarillo, for appellee M. T. O'Neill.

FOLLEY, Justice.

The appellant, Max Gouna, filed this suit against M. T. O'Neill and the Plains Creamery, Inc., seeking damages for personal injuries alleged to have been received by him from the discharge of a shotgun lying on the floor of an automobile driven by O'Neill, which automobile· had been struck from the rear by a truck belonging to the Plains Creamery, Inc. The trial court sustained a general demurrer to appellant's petition and, upon his refusal to amend, dismissed the suit.

The appellant alleged that on December 28, 1939, he was standing on the northeast corner of Polk Street where it intersects Seventh Street in the City of Amarillo, Texas; that M. T. O'Neill was parked in his automobile facing south on Polk Street at such intersection waiting for a street light to turn green; that the truck of the Plains Creamery, Inc., driven by an employee in the course of his employment, was traveling south on Polk Street; that such employee negligently failed to apply his brakes and, while operating the truck at a high and dangerous rate of speed and without keeping a proper lookout, ran into the rear of the automobile of M. T. O'Neill; that the truck struck the automobile in such a forceful manner it caused a shotgun lying on the floor of the automobile to move so violently as to break the hammerlock on the ·shotgun and to jolt the

safety loose; that immediately after the collision O'Neill opened the door of his car in an effort to determine what damage he had sustained; that when O'Neill shut the door of his automobile the shotgun discharged and a slug from it struck the appellant's right ankle as he stood at the northeast corner of the intersection; that appellant did not know just what caused the gun to fire, whether a result of the collision or whether it immediately followed the shutting of the automobile door by O'Neill when he got out of his car after the collision, but in either event, he asserted, all of the above circumstances constituted one continual series of actions set about and caused by the employee of the Plains Creamery, Inc., negligently running into the rear of O'Neill's car; and that said negligence of the Plains Creamery, Inc., was the direct and proximate cause of the injury. Appellant prayed for judgment for his damages in the sum of $3,193.85 as against M. T. O'Neill and the Plains Creamery, Inc.

Both defendants in the lower court filed general demurrers to appellant's petition and both of the demurrers were sustained. There is no appeal from that portion of the judgment in favor of O'Neill. The appeal is prosecuted only with reference to the judgment in favor of the Plains Creamery, Inc. Therefore, the action of the court in sustaining the general demurrer of O'Neill and dismissing the suit as to him is not before us. Moreover, if it was, there was no act of negligence charged against O'Neill nor any assertion that negligence upon his part was a proximate cause of appellant's injury. Our discussion will therefore be limited to the court's action in sustaining the general demurrer of the Plains Creamery, Inc., and the dismissal of the suit as to it.

As we view this case, but one question is presented, and that is whether or not, under appellant's allegations, viewed in their most favorable light, the driver of the truck should reasonably have anticipated in the light of the attending circumstances that by reason of his conduct the injury sustained or some similar injury would probably result.

In our recent case of Bledsoe v. City of Amarillo, 143 S.W.2d 215, writ refused, we reviewed four of the celebrated cases of our court of last resort upon the same issue presented in the instant case. Such cases are: Seale v. Gulf, Colorado & Santa Fe Ry. Co., 65 Tex. 274, 57 Am.Rep. 602; Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; City of Vernon v. Lisman et al., Tex.Com.App., 17 S.W.2d 769; and San Antonio & A. P. Ry. Co. v. Behne et ux., Tex.Com.App., 231 S.W. 354. These cases pronounce very clearly the rule as to foreseeableness and anticipation of injury as an element of proximate cause. We deem it unnecessary to further elaborate upon such holdings, but think it sufficient to state that the rule thus announced is, in effect, that "one should not be held responsible for those consequences of his acts which in the light of common experience he could not reasonably be expected to have anticipated". Bledsoe v. City of Amarillo, supra [143 S. W.2d 218]. In the Bigham case [90 Tex. 223, 38 S.W. 163], it was said: "It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of foresight should not be arbitrarily imputed."

It is our opinion the instant case comes squarely within the rule announced in the above cases and many others upon the subject. It would indeed be highly fantastic and speculative to assert that the truck driver should have reasonably anticipated in the light of the attending circumstances that by reason of his conduct in striking the automobile the injury sustained by the appellant, or one as remote, would probably result. To so charge him he must necessarily have anticipated there was a loaded shotgun in the bed of the automobile; that the impact from the collision would break the hammerlock on the shotgun and jar the safety loose; that the driver of the car would immediately get out of the automobile after the collision and shut the door; that the shotgun would thereby be discharged; and that the appellant, standing nearby, would be hit by the discharge from the gun. To have anticipated these or similar consequences from his alleged wrongful conduct he would not only have been required to exercise the ordinary care of a reasonably prudent person in the light of common experience, but, in addition thereto, would necessarily have had to resort to philosophical or metaphysical speculation, which the law does not require. City of Dallas v. Maxwell et ux., Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927.

From the allegations of the appellant it is apparent the element of proximate cause is lacking and the causal connection between the negligence alleged and the injury received is absent.

The judgment is affirmed.