RIO GRANDE, E. P. & S. F. RY. CO. v. STARNES. (No. 548.)

(Court of Civil Appeals of Texas. El Paso. March 23, 1916. Rehearing Denied April 20, 1916.)

TRIAL ☞191(6), 244(4) — INSTRUCTIONS — ASSUMPTION OF FACTS—UNDUE EMPHASIS.

An instruction specifying different features of negligence for which, if established, defendant might be liable, *held* not reversible error as assuming negligence by defendant or unduly calling attention to defendant's claimed negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 429, 579; Dec. Dig. ☞191(6), 244(4).]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by William S. Starnes against the Rio Grande, El Paso & Santa Fé Railway Company. From judgment for the plaintiff, defendant appeals. Affirmed.

Turney & Burges, of El Paso, and Terry, Cavin & Mills, A. H. Culwell, and Jno. G. Gregg, all of Galveston, for appellant. Moore & Harris and T. A. Falvey, all of El Paso, for appellee.

HARPER, C. J. Appellee filed this suit against the appellant and the Atchison, Topeka & Santa Fé Railway Company in the district court of El Paso county, Tex., for personal injuries sustained by him by being struck by a string of cars at the crossing between the tracks of the railway company and Leon street in the city of El Paso. The plaintiff's allegations of negligence were as follows:

"(a) The defendants were negligent in constructing their track and moving their cars thereon across said street so near said building that plaintiff, in the exercise of due and ordinary care, was struck by said car before he could see the danger of being struck by said car.

"(b) The defendants and their agents, servants and employés for whose negligence defendants are liable, were negligent in so moving said cars across said street, without giving notice or warning to plaintiff.

"(c) Said defendants, their said agents, servants and employés, were negligent in propelling said car across said street and injuring plaintiff without ringing bell or blowing a whistle, in such proximity to said crossing as to give notice to plaintiff of the movement of said cars.

"(d) Said defendants, their said agents, servants and employés, were negligent in backing said car across said street and injuring plaintiff without giving notice or warning to him of the approach of said car.

"(e) That defendants were negligent in backing said cars across said street on said track without having some person at said crossing to give notice that said cars were to be backed across said street."

The defendants answered by general demurrer and general denial, and also by a plea of contributory negligence, and a plea that the plaintiff was not injured at the place alleged by him, but at another place where persons were not accustomed to use the track, and that he was a trespasser at the time of his injury.

The cause went to trial on October 7, 1915. Plaintiff dismissed as to the defendant the Atchison, Topeka & Santa Fé Railway Company, and on October 9, 1915, secured a verdict and judgment against the defendant Rio Grande, El Paso & Santa Fé Railroad Company for the sum of $8,000. Amended motion for new trial was duly filed and overruled. Supersedeas bond was duly filed and cause is here presented.

The sixth paragraph of the court's charge reads:

"Now, if you believe from a preponderance of the evidence that on or about the 17th day of May, 1914, the plaintiff was walking on the west side of Leon street, going south, and while in the exercise of ordinary care for his own safety, stopped past the corner of the building on the west side of Leon street at the intersection of the alley, alleged in plaintiff's petition, with said Leon street, plaintiff was struck and knocked down by a car or cars, as alleged by him, and received the injuries alleged in his petition; and you further find (b) that defendant was negligent in moving its cars across said street without giving notice or warning to plaintiff, if it did fail to give such notice or warning; (c) or that defendant was negligent in propelling its car or cars across Leon street without ringing a bell or blowing a whistle, if it did fail to ring a bell or blow a whistle; (d) or that defendant was negligent in backing said cars across said street and injuring plaintiff, without giving notice or warning to him of the approach of said cars if it did so back said cars without giving notice or warning of the approach of said cars; (e) or that defendant was negligent in backing said cars across said street on said track without some person being at said crossing to give notice that said cars were to be backed across said street; if you find that it did fail to have some person at said crossing to give notice that said cars would be backed across said street, and if you further find that defendant was negligent in any or all of the particulars heretofore mentioned, and that such negligence, if any, was the proximate cause of the injury to plaintiff, then you will find for the plaintiff, unless you find for the defendant under subsequent paragraphs of this charge."

All of the appellant's assignments are addressed to this portion of the court's charge and urge that it constitutes reversible error for the following reasons:

"Because the same is on the weight of the evidence and is particularly on the weight of the evidence in (a) that it assumes that defendant moved its cars across said track without giving notice or warning to plaintiff that it was going to do so; (b) that it assumes that defendant failed to ring a bell or blow a whistle in moving said cars across said street; (c) it assumes that

---

defendant did not give notice or warning to plaintiff that it was going to back said cars across said street; (d) that it assumes that defendant was negligent in not having some person at said crossing to give notice that said cars were to be backed across said street; (e) because it singles out each separate fact constituting the group of facts upon which plaintiff relies for a recovery herein and specially directs the jury's attention to each of said facts constituting said group of facts and is in fact a special charge on each fact of said group of facts, and it thereby places said facts before the jury too prominently and unduly and prejudicially emphasizing each fact upon which plaintiff relies for a recovery, thereby giving undue prominence and special emphasis to each of said facts and plaintiff's theory of the case, to the great prejudice of plaintiff; (f) and because subdivisions 'b,' 'c,' 'd,' and 'e' of said paragraph VI, in fact constitute four separate charges on the facts or group of facts constituting a single ground of liability against defendant and thereby unduly emphasized said facts or group of facts to defendant's prejudice; (g) and because it assumes that if defendant had given such notice or warning as was referred to therein, plaintiff would not have been injured; whereas, it is a question of fact for the jury whether if said warning had been given, the plaintiff would have been injured, especially is this true in view of defendant's evidence and defense to the effect and tending to show that plaintiff was not at said crossing at the time of the alleged injury, but was lying under a car further down defendant's track."

We think it is apparent that the charge is not subject to the criticisms urged. The assignments are therefore overruled, and the cause affirmed.