## MOORE v. NORMAN.
### No. 10704.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1940.

Rehearing denied March 13, 1940.

Eskridge & Groce, Dodson & Ezell, Chas. W. Duke, and Walter Groce, all of San Antonio, for plaintiff in error.

Morriss & Morriss, of San Antonio, for defendant in error.

MURRAY, Justice.

This is an appeal by writ of error from a final judgment of the District Court of Bexar County, 37th Judicial District of Texas, rendered in favor of the defendant in error, Genevieve Norman, for damages for personal injuries sustained in an automobile collision, against the plaintiff in error, S. J. Moore (doing business as the Midway Distributing Service), in the sum of $5,500.

For convenience, S. J. Moore will be referred to as appellant and Genevieve Norman as appellee.

The collision complained of occurred at the intersection of Bailey and Gevers Streets in the City of San Antonio, on the night of December 1, 1937. Appellee Genevieve Norman was riding in a Ford sedan operated by one J. G. Blackman, also riding in the same car was one Lester Beauchamp. The Blackman car was proceeding in a westerly direction along Bailey Street when it collided with a truck operated by an employee of appellant, S. J. Moore. Moore's truck was proceeding in a southerly direction along South Gevers Street. There are stop signs at the intersection of Bailey and Gevers Streets, requiring, under the provisions of an ordinance of the City of San Antonio, that all vehicles proceeding along Bailey Street shall come to a stop before crossing Gevers Street.

The cause was tried to a jury, and in response to special issues submitted by the court the jury found as follows:

"(1) The driver of defendant's truck was operating the same just before the time of the collision in excess of twenty miles per hour, and that such rate of speed was a proximate cause of the accident;

"(2) That the driving of the truck in excess of twelve miles per hour through the intersection was a proximate cause of the collision;

"(3) That the driver of the truck failed to keep a proper lookout just before and at the time of the collision, and that such conduct constituted negligence which was a proximate cause of the collision;

"(4) That he was not operating the truck on the wrong or lefthand side of the street;

"(5) That Blackman, the driver of the automobile in which the plaintiff was riding, did not fail to bring his car to a stop at the stop sign before entering Gevers Street; did not fail to keep a proper lookout; did not drive his car through the intersection in excess of twelve miles per hour; did not drive his car through the intersection in excess of twenty miles per hour, and that 'as the two cars in question approached the intersection of Bailey and Gevers Streets there was not a reasonable indication of danger of collision if both cars proceeded';" and further found that the plaintiff did not fail to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances, and fixed the amount of her damages at $5,500.

The term of court at which this trial was had met on the 2nd day of January, A. D. 1939, and adjourned on the 3rd day of March, A. D. 1939. The verdict of the jury was returned on March 1, 1939, and judgment was not entered until March 3, 1939, just prior to the adjournment of the term of court at which the cause was tried. The date upon which the trial was concluded, judgment entered, and the court adjourned, is important, since the judgment was entered just before the adjournment of the court and too late for a motion for new trial to be filed and acted upon.

During the trial T. N. Reed, a witness for appellant, in answer to the question: "He didn't tell you anything about who he was representing?" stated, "No. He said he was representing an insurance company." This question was propounded by counsel for appellee by way of cross-examination of T. N. Reed, who was an important witness for appellant. The question related to the first person who had talked to Reed about the case. Appellee contends that inasmuch as Reed was a witness offered by appellant and apparently friendly to appellant, and in view of the further fact that the answer was not responsive to the question, the instance presents no error. However, we shall assume for the purpose of this opinion that the instance did constitute error, and would have been sufficient to require the trial judge to declare a mistrial, if appellant had then and there insisted upon such action.

When this instance occurred the trial court plainly indicated to the parties that he thought there was nothing to do but to discharge the jury and declare a mistrial. Attorneys for appellee suggested that the case proceed to a verdict of the jury, and attorneys for appellant acquiesced in this suggestion. After verdict, due to the shortness of time before adjournment, no motion for a new trial was filed, thus it will be seen that the trial court was never really called upon to declare a mistrial before verdict, or to grant a new trial after verdict. If attorneys for appellant felt that irreparable damage was done by the witness' reference to an insurance company, they should have then and there insisted upon a mistrial, which the record shows the trial judge was ready to grant. Appellant and his counsel agreeing to continue on with the trial until after verdict of the jury are not now in a position to complain of the instance. If the verdict had been favorable to appellant he would no doubt have waived the error and appellee could have shown no error, but now, since the verdict was unfavorable, appellant for the first time on appeal complains of the reference to the insurance company by the witness Reed. Such complaint comes too late. Harrison-Wright Co. v. Budd, Tex.Civ.App., 67 S.W.2d 670; Russell v. Adams, Tex.Civ.App., 18 S.W.2d 189.

Appellant next complains that the definition of "proximate cause" and "new and independent cause" was incorrect and that his rights were there prejudiced to such an extent as to require a reversal of the judgment.

The trial court defined "proximate cause" as follows: "By the term 'proximate cause' as used in this charge is meant a cause which in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and from which cause it should have been reasonably foreseen or anticipated by a person of ordinary prudence, in the exercise of ordinary care, that the injuries complained of, if any, or some similar injuries would result therefrom, as a natural and probable consequence. There may be more than one proximate cause of an event but there may only be one sole proximate cause of an event." and defined "new and independent cause" as follows: "By the term 'new and independent cause' as used in the above definition of proximate cause herein, is meant a cause or agency over which a party to the suit has no control, and which cause or agency a person of ordinary prudence under the same or similar circumstances would not have reasonably foreseen as acting to bring about the result complained of."

The jury found that each and every act alleged to have been committed by Blackman (the driver of the car in which appellee was riding), as constituting a new and independent cause of the collision, was not committed at all. Therefore, the jury was not called upon to determine whether or not such alleged acts were new and independent causes of the collision and in this respect the definition of "new and independent" cause became unimportant.

Appellant further contends that the trial court having used the term "new and independent cause" in the definition of "proximate cause," the definition of "new and independent cause" became a part of the definition of "proximate cause," and being incorrect rendered the definition of "proximate cause" incorrect.

Granting this contention is true, nevertheless, appellant does not show that such incorrect definition worked a prejudice to his rights.

The definition as given was too broad and not restrictive enough. It is true that the court should have informed the jury that before a cause can be regarded as a new and independent cause it must be one sufficient to break the causal connection between the negligent act or omission of

defendant and the injury complained of, and thereby become in itself the immediate cause of such injury. We are unable to see, however, how the failure of the court to thus restrict his definition of "new and independent cause" resulted in any injury to the rights of appellant. The record affirmatively shows that no such injury did result to appellant and therefore no reversible error is presented. Leap v. Braziel, Tex.Civ.App., 93 S.W.2d 1213, affirmed Tex.Com.App., 121 S.W.2d 334.

Furthermore, under the facts in this case we doubt if the acts of the driver of the car in which appellee was riding could in law be regarded as a "new and independent cause." This matter is well discussed in Magnolia Pet. Co. v. Owen, Tex.Civ.App., 101 S.W.2d 354.

The judgment of the trial court will be in all things affirmed.