**BROWN EXPRESS, Inc., v. HENDERSON.**

No. 10728.

Court of Civil Appeals of Texas.
San Antonio.

June 12, 1940.

Rehearing Denied Aug. 7, 1940.

586

Abney & Whitelaw and Seabury, Taylor & Wagner, all of Brownsville, for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

MURRAY, Justice.

Appellee, Dewey Henderson, instituted this suit against appellant, Brown Express, Inc., seeking to recover damages resulting from injuries sustained by him when a Chrysler car in which he was riding collided with a truck owned by Brown Express, Inc., and driven by its employee Arlis Cummings. The collision occurred on Highway No. 281, between Brownsville and San Benito, and near a filling station known as the Oklahoma Filling Station.

The cause was submitted to a jury upon a number of special issues and upon their answers judgment was entered in favor of Dewey Henderson and against Brown Express, Inc., in the total sum of $19,069.70, from which judgment Brown Express, Inc., has prosecuted this appeal.

Appellant's first complaint is that, over its objection, the witness Arlis Cummings was questioned as to whether or not, subsequent to the collision in which Henderson received his injuries, he had stated to certain named persons that he did not know what happened at the time of the collision, that he, the driver of appellant's truck, had not had dinner on the day of the accident, and that he was conscious in the hospital the first night; and appellant further complains that when Cummings did not admit making these statements, the named witnesses were permitted to testify that he did in fact make such statements.

This testimony was offered for impeachment purposes and for these purposes it was admissible. Appellant contends that the statements were not res gestae. This is probably true, but where a witness has testified in a case and his impeachment is undertaken, by showing that he has made statements out of court which conflict with his testimony, such statement in order to be admissible need not be a res gestae statement. Jones on Evidence, 4th Ed., p. 1562, § 844, etc.

The evidence shows that Dewey Henderson was riding in a car driven by Lois Blocker and going in the direction of Brownsville, on Highway No. 281, when it collided with a truck belonging to Brown Express, Inc., and driven by Arlis Cummings and. traveling in the direction of Harlingen. The collision occurred on the left-hand or wrong side of the highway, so far as the truck was concerned. Arlis Cummings, who testified as a witness for appellant, explained his being on the wrong side of the road by stating that just as he was near a large. Coca Cola billboard a short distance from the Oklahoma Filling Station, a third car suddenly came out in front of him from behind the Coca Cola sign and caused him to swerve to the left and the collision followed immediately. There was much evidence tending to establish the fact that no car came out from behind the sign. Cummings testified that he had eaten his noonday meal shortly before the accident, and he was not conscious after the collision and did not remember making any statement that he had not eaten, and that he did not know what happened at the time of the accident. State Highway Patrolman Hollyfield and Dr. Shaefer were called to the witness stand and testified that each talked to Cummings shortly after the accident, that he was conscious at that time and did make the statements denied by him. We are of the opinion that this was proper impeachment testimony. Gause-Ware Funeral Home v. McGinley, Tex.Civ.App., 21 S.W.2d 347.

Furthermore, the record shows that appellant did not object to this testimony because no proper predicate had been laid for its introduction or that it was impeachment of a witness upon an immaterial matter, and. having failed to make these objections at the time the evidence was offered appellant will not now be permitted to raise these objections to the admissibility of this testimony. 45 Tex.Jur. 35; Galveston, H. & S. A. Ry. Co. v. Jackson, 93 Tex. 262, 54 S.W. 1023.

Appellant cites the case of Red Arrow Freight Lines v. Gravis, Tex.Civ.App., 84 S.W.2d 540, as sustaining his contention here. That case is not in point. There the admission or statement of the truck driver was offered not as impeachment testimony, but as original evidence. In the case at bar if the statements of Cummings

had been offered as original evidence they would not have been admissible, but where they are offered as impeaching evidence quite a different situation is presented.

Appellant's fifth proposition is as follows: "In laying a predicate for the purpose of impeachment of a witness, it is improper, under the pretense of affecting the witness' credibility, to propound questions without any attempt or pretense to establish the truthfulness of the matters suggested by such inquiry and thereby cast insinuations upon the witness as such questions thus propounded can serve but one purpose, and that is of creating in . the minds of the jury a prejudice against the witness."

■ In the statement under this proposition is set out the question which was supposed to have been asked by counsel for appellee and the objection supposed to have been made by counsel for appellant to the supposed question. The question is followed by the following reference: "(S. F. Vol. 1, pp. 2, 60–65)." A reference to Vol. 1 of the Statement of Facts reveals that no such question or objection is contained therein. There is no · testimony given by· Arlis Cummings in Vol. 1, and it is therefore clear that the reference must have been to Vol. 2, where the testimony of Arlis Cummings appears. On page 65 of Volume 2 of the Statement of Facts is found the objection set out in the statement, but it is evidently made ·to a different question than that set out in.the statement following the proposition. The record not supporting the statement, the· proposition cannot be here considered.

However, it does appear that counsel for appellee did ask Arlis Cummings a number of questions, some of which were answered without objection, and when all of these questions are taken together they practically cover the supposed question set forth in the statement. The substance of appellant's objection is that these impeaching questions were asked in bad faith with no intention of later attempting to establish the truthfulness of the matters suggested by such inquiry. If we could consider the matter presented we would not sustain the proposition because we cannot agree that the questions were asked in bad faith.

Dr. Shaefer testified that about a week or so after the collision Cummings made the following statement to him: "He (Cummings) understood there was a woman had seen the collision—and by the way, it was at the Oklahoma Filling Station—there was a woman who had said she had seen a car come out from the side road ahead of him and caused him to go over to the left. He said he understood there was a woman had been found who would say she saw a car come into the road ahead of him."

Dr. Shaefer further testified that Cummings told him the night following the wreck that he (Cummings) did not know how the collision happened.

In view of this testimony we cannot say that counsel for appellee acted in bad faith in inquiring about these matters, although the proof varies slightly from the statements supposed to have been in the question.

Appellant next complains that the burden of proof was not properly placed as to the issues submitted to the jury, because the court in the preliminary part of his charge used the following expressions:

"This case will be submitted to you upon special issues in the form of questions, which you will answer from all the evidence as you may find the facts to be;" and

"You will only consider the respective issues submitted to you and answer the same as herein directed according as you may find the fact or facts to be from the evidence admitted on the trial for your consideration."

■ Appellant insists upon this contention notwithstanding the court framed each issue so as to clearly indicate its own burden of proof and began each issue submitted, "Do you find from a preponderance of the evidence," etc. We overrule this contention. Each issue having been framed so as to properly place the burden of proof and to show that an affirmative answer would have to be based upon a preponderance of the evidence, the jury should not have been misled by the preliminary instructions contained in the charge. Mc-Fadden Publications v. Wilson, Tex.Civ. App., 121 S.W.2d 430; Miller v. Wyrick, Tex.Civ.App., 96 S.W.2d 253; International-Great Northern Ry. Co. v. Lowry, Tex. Civ.App., 98 S.W.2d 383; Travelers Ins. Co. v. Noble, Tex.Civ.App., 129 S.W.2d 778.

Appellant's seventh proposition is based upon. its ninth assignment of error. This assignment reads as follows: "The court erred in permitting the witness Shipley to

testify over the objection of the defendant that if there had been a third car running along the road along with the truck at and immediately prior to the collision in question, he, the witness Shipley, would have seen the same."

■ In its statement under this proposition, appellant complains of evidence given by the witness Peterson and not of evidence given by the witness Shipley. There is no assignment of error complaining of any similar evidence given by Peterson, nor was such complaint contained in appellant's motion for a new trial. Appellant's sixth proposition not being supported by an appropriate assignment of error cannot be considered by us. We must here pass upon the same questions as were called to the trial court's attention in the motion for a new trial. 99 S.W.2d p. XXIX, Rules for the Courts of Civil Appeals, No. 24.

■ By its eighth proposition of law appellant contends that the court erred in not submitting issues to the jury inquiring whether or not the car in which Dewey Henderson was riding was being operated at a rate of speed in excess of forty-five miles per hour, and, if so, whether or not such negligence in so operating said car was the sole proximate cause of the collision. This proposition is based upon assignments of error Nos. 35 and 36. A reference to these assignments of error shows that no issue on sole proximate cause was requested. It will be recalled that Dewey Henderson was not driving the car, but Lois Blocker was the driver. The negligence of the driver would not necessarily be imputed to the passenger; therefore, unless such negligence was the sole proximate cause of the collision it would be no defense to appellee's cause of action. Appellant having failed to request an issue on sole proximate cause will not now be heard to complain because such an issue was not submitted to the jury.

Appellant next complains because in three separate issues the jury were asked in substance if the truck was on its left-hand side of the highway at the time of the collision, a fact which, according to appellant's contention, was both admitted and conclusively established by the evidence. It is contended that this gave undue emphasis and prominence to the fact that the truck was on the wrong side of the road at the time of the accident, and that it amounts to a comment upon the weight of the evidence by the court.

Special issue No. 2a inquired as to whether or not Arlis Cummings operated the truck upon his left-hand side of the highway immediately prior to the accident. The jury answered this issue in the affirmative, thereby finding, in effect, that he was violating Section (A) of Article 801, Texas Penal Code, providing, among other things, that vehicles be driven upon the right-hand side of the highway.

Special issue No. 3a inquired as to whether or not Arlis Cummings, immediately prior to the collision, drove the truck across to its own left side of the road directly in the path of the car in which appellee was riding, without signal or warning. This issue the jury answered "yes", thereby finding that Arlis Cummings had violated Section (K) of Art. 801, Penal Code.

Special issue No. 4a inquired as to whether or not Arlis Cummings failed to give the car in which appellee was riding one-half of the road at the point where said cars met upon the highway. The jury answered this issue "yes," thereby finding that Arlis Cummings violated Section (B), Art. 801, Penal Code.

■ The Legislature made subdivisions (A), (B) and (K) of Art. 801, Penal Code, separate offenses. Appellee pleaded the violation of each of these sections and offered evidence tending to support the pleadings. It was not error for the trial court to submit an issue on each section. It is true that appellant objected to the submission of these issues because it was understood that appellant's truck was on the left-hand side of the road at the time of the accident, but it also objected to the submission of these issues because there was no evidence upon which to base the issues. Under all the circumstances shown by the record, the trial court did not err in submitting these issues to the jury. Stevenson v. Wilson, Tex.Civ.App., 130 S.W.2d 317; Galveston Electric Co. v. Marangola, Tex.Civ.App., 273 S.W. 311; Rio Grande, E. P. & S. F. Ry. Co. v. Starnes, Tex.Civ.App., 185 S.W. 366; Blakesley v. Kircher, Tex.Civ.App., 26 S.W.2d 1091; McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901.

■ Appellant next contends that the definition of emergency contained in the

court's charge was erroneous, in that it states the situation must arise suddenly without any fault on the part of the party confronted with such situation, etc., when it should have stated that the situation must arise suddenly without negligence, etc. We do not find it necessary to pass upon the question of the correctness of the definition as the jury having answered issue No. 6a "no" were not required to answer issue No. 6c, which was the issue inquiring about the emergency. Moore v. Norman, Tex.Civ.App., 137 S.W.2d 833; Leap v. Braziel, Tex.Com.App., 121 S.W.2d 334; International-Great Northern Ry. Co. v. Pence, Tex.Civ.App., 113 S.W.2d 206.

Appellant's eleventh and twelfth and thirteenth propositions are without merit and are overruled.

The judgment is affirmed.