**COX v. EKSTROM et al.**

No. 11177.

Court of Civil Appeals of Texas.
San Antonio.

June 17, 1942.

Rehearing Denied July 22, 1942.

B. Ray Smith, of Paris, and Kelley & Looney and L. Hamilton Lowe, all of Edinburg, for appellant.

R. H. Mercer, of San Antonio, and Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellees.

MURRAY, Justice.

Joe Cox instituted this suit against Nueces Transportation Company, a partnership composed of E. C. Ekstrom and R. E. Ekstrom, seeking to recover damages arising from injuries sustained by his wife, Flossie Estell Cox, while alighting from a bus operated by the transportation company.

The cause was submitted to a jury upon special issues. The jury's answers to special issues Nos. 4, 5 and 6 were favorable to Cox, but upon motion made the trial court disregarded these favorable findings and rendered judgment that plaintiff take nothing, from which judgment Joe Cox has appealed.

The jury's answers to the issues submitted were as follows:

1. The bus driver did not start the bus while Mrs. Cox was in the act of alighting therefrom.

. 2. The bus driver did stop the bus with the curbside wheels of the vehicle more than six inches distant from the edge of the curb.

3. That such act constituted negligence.

4. That such negligence was the proximate cause of the injuries sustained by Mrs. Cox.

5. That Mrs. Cox was off the bus before it started.

6. That after Mrs. Cox alighted from the bus a boy on a bicycle ran into her.

7. The act of the boy on the bicycle in running into Mrs. Cox was a new and independent cause of the injuries sustained by Mrs. Cox.

8. That the act of the boy on the bicycle in running into Mrs. Cox was not the sole proximate cause of the injuries sustained by Mrs. Cox.

9. That Mrs. Cox did not fail to keep a proper lookout.

10. That the injuries were not the result of an unavoidable accident.

11. That the sum of $1,000 would reasonably compensate plaintiff for his damages.

12. That $950 would reasonably compensate for medical services.

Appellant's second point, which we consider first, is that the judgment should be reversed and the cause remanded, because there is an irreconcilable conflict between the jury's findings to the effect that the negligence of the transportation company, in stopping the bus with the curbside wheels more than six inches from the curb, was the proximate cause of Mrs. Cox's injuries, and that the act of the boy on the bicycle, in running into Mrs. Cox, was a new and independent cause of the injuries sustained by Mrs. Cox. We sustain this point.

The jury found that Mrs. Cox was not injured by the bus driver starting the bus while she was in the act of alighting, but that the transportation company proximately caused her injuries by stopping the bus some distance from the curb and there permitting her to alight and be struck by the boy on the bicycle before she could reach the curb. Either one of two things is true, either the negligence of the transportation company was not the proximate cause, or the act of the boy on the bicycle was not a new and independent cause of the injuries.

The definition given by the trial court of the term "Proximate Cause" demonstrates why the above statement is correct. The trial judge properly defined "Proximate Cause" as follows: "By the term 'proximate cause,' as used in this charge, is meant that cause which in natural and continuous sequence *unbroken by any new and independent cause* produces the injury and without which the result would not have occurred, and from which it ought to have been foreseen or reasonably anticipated by a person in the exercise of ordinary care, that the injury complained of, or some similar injury, would result, naturally and probably, in the light of attending circumstances. There can be more than one 'proximate cause' of an event." (Italics ours.)

Where there is a new and independent cause intervening between the negligent act and the injuries, then the natural and continuous sequence is broken and the act cannot be the proximate cause of the injury. Either the jury were wrong when they found there was a proximate cause or when they found there was a new and independent cause. We hold the two findings are in irreconcilable conflict.

Appellant contends, in his first point, that we should disregard the jury's finding on new and independent cause and render judgment in his favor on the verdict, as the question of new and independent cause was not a controlling issue and should not have been submitted to the jury in the first place. Rule 279, R.C.P. It may be that the trial judge could properly have refused the issue in view of his definition of proximate cause but having submitted it, and having elicited a finding from the jury which is destructive of their finding of proximate cause, such finding cannot now be disregarded as immaterial and judgment rendered in favor of appellant.

Appellees contend that the judgment in their favor should not be disturbed, because the pleadings of appellant were not sufficient to state a cause of action based upon the negligence of the transportation company in stopping the bus with the curbside wheels more than six inches from the curb. We overrule this contention. While the pleadings are very meager, we hold that under the new rules of pleading, as authorized by Rules 45, 47 and 90, R.C.P., they were sufficient to raise the issue.

Rule 45, R.C.P., reads in part as follows: "That an allegation be evidentiary or be of legal conclusion shall not be ground for

objection when fair notice to the opponent is given by the allegations as a whole."

For the reasons already stated, the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.