**BRYANT et al. v. BANNER DAIRIES, Inc.**

**No. 2966.**

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1953

Rehearing Denied Feb. 20, 1953.

Thomas L. Blanton, Albany, for appellants.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

COLLINGS, Justice.

This suit was brought by W. J. Bryant, individually and as next friend for Barbara Dean Bryant, his minor daughter, against Banner Dairies, Inc., for damages alleged to have been sustained by plaintiffs by reason of personal injuries suffered by them and by Mrs. Dorothy Dean Bryant, the wife of W. J. Bryant, in a collision of their car with a truck and trailer belonging to defendant which, at the time of the collision, was alleged to have been negligently stopped or parked on the highway at night in such a way as to completely obstruct same. W. J. Bryant also asked judgment for the damage to his automobile in the sum of $565 and for hospital expenses and doctor bills incurred by reason of the collision.

The case was tried before a jury which found, among other things, in answer to special issues submitted, that one Shelton, who was the operator of the truck of appellee, Banner Dairies, Inc., on the occasion in question, allowed said truck and trailer to "stop straddled on the highway"; that Shelton operated the truck at night upon the highway while said truck was not equipped with flares or other means of signals to warn motorists, and that such acts on the part of Shelton constituted negligence which proximately caused the collision in question.

The jury also found that appellant, W. J. Bryant, was guilty of negligence by driving past a set of bright lights just prior to the collision, when he knew and realized that he could not see the highway ahead of him past said lights, without slowing the speed of his car below 40 miles per hour; that he was also guilty of negligence by so driving his car into and against appellee's trailer which was parked on the highway; that Bryant failed to apply his brakes in sufficient time to stop his car before the collision and that such failure was negligence; that such acts of negligence on the part of Bryant were proximate causes of the collision.

All of the evidence indicates that just prior to the time of and slightly east of the scene of the collision, a T. & P. freight truck was either stopped or moving slowly in the borrow ditch on the south side of the highway with its headlights shining toward the east and into the eyes of appellant, W. J. Bryant, as he approached in his Ford automobile. The jury found that the act of the driver of the T. & P. freight truck in so moving slowly in the borrow ditch on the south side of the highway constituted a new and independent cause of the collision as the term was defined in the court's charge.

Based upon such findings of the jury, the court entered judgment in favor of appellee, Banner Dairies, Inc. W. J. Bryant and Barbara Dean Bryant have brought this appeal.

The evidence justifies the conclusion that if it had not been for the presence of the T. & P. freight truck on the south side of the highway with its bright lights blinding W. J. Bryant that he could have seen the Banner Dairies trailer; that the driver of such trailer was waving a flashlight which could have also been seen by Bryant. Bryant testified that his own lights were good and lighted the highway for 100 yards as he approached the Banner Dairies truck; that his brakes were in good working order and that he could have stopped within the range in which his lights were shining. He admitted that he could not see, and did not know what was on the highway

west of the T. & P. truck because its lights were shining in his face.

Special issues Nos. 35, 36, 37, 38, 39, and 40, and the answers of the jury thereto, were as follows:

"Special Issue No. 35. Do you find from a preponderance of the evidence that after W. J. Bryant knew and realized that he could not see the highway west of the T. & P. Freight truck, that W. J. Bryant failed to slow his Ford below the speed of 40 m. p. h.? Answer 'Yes' or 'No'. Answer: Yes.

"If you have answered the foregoing question 'Yes' then you will answer the following special issue; otherwise you need not answer it.

"Special Issue No. 36. Do you find from a preponderance of the evidence that W. J. Bryant's failure, if any, to so slow his car below a speed of 40 m. p. h. was a failure to use ordinary care? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered the foregoing question 'yes' then you will answer the following special issue; otherwise you need not answer it.

"Special Issue No. 37. Do you find from a preponderance of the evidence that such failure, if any, constituted a proximate cause of the collision? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 38. Do you find from a preponderance of the evidence that W. J. Bryant drove past a set of bright truck lights without slowing the speed of his car below 40 m. p. h. when he could not see the highway on which he was traveling? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered the foregoing question 'Yes' then you will answer the following special issue; otherwise you need not answer it.

"Special Issue No. 39. Do you find from a preponderance of the evidence that in so driving past such truck lights, at such speed, under such circumstances, if you have so found, that W. J. Bryant failed to exercise ordinary care? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered the foregoing question 'Yes' then you will answer the following special issue; otherwise you need not answer it.

"Special Issue No. 40. Do you find from a preponderance of the evidence that such failure, if any, constituted a proximate cause of the collision? Answer 'Yes' or 'No.' Answer: Yes."

■ It is contended in appellants' 36th point that the court erred in submitting issues 35, 36 and 37 because issue No. 35 assumed that W. J. Bryant knew and realized that he could not see the highway west of the T. & P. freight truck. As heretofore indicated, W. J. Bryant admitted, and there is no evidence to the contrary, that as he approached the scene of the collision he could not see the highway west of the T. & P. freight truck. The court did not err in assuming an admitted and uncontradicted fact. It also appears from an examination of the record that appellant did not object to issues No. 35, 36 and 37 for the reason stated before the charge was submitted to the jury. The point is overruled.

■ In point No. 37 appellant Bryant urges that the answer of the jury to special issues Nos. 38, 39 and 40 are in conflict with the answer to special issue No. 31, which was to the effect that Bryant "did not drive his Ford at a speed that endangered persons." The elements involved in the issues under consideration are not the same. In issue No. 31 only the speed of Bryant's car was involved and the jury found, in effect, that the speed alone was not dangerous. Issues Nos. 38, 39 and 40 involved the additional factor of driving past bright lights beyond which the highway could not be seen. It was found by the jury that the combination of these two elements of Bryant's conduct was negligence and a proximate cause of the collision. It is entirely possible for both findings to be true. In our opinion, the findings are not in conflict.

■ In numerous points appellants contend that the court erred in not granting their amended motion for a new trial. The substance of these points is, in effect, that the jurors did not understand the charge or the effect of their answers to issues submitted and that they recommended a new trial be granted. It is well settled that neither a jury nor any of its members can destroy a verdict by testifying that they did not understand the charge of the court or the facts in evidence or by testifying to the mental processes by which the verdict was reached. One of the purposes of special issues is that jurors shall not know the legal effect of their answers. These points are overruled. Bradley v. Texas & Pac. Ry. Co., Tex.Com.App., 1 S.W.2d 861; City of Dallas v. Hutchins, Tex.Civ.App., 226 S.W.2d 155 (Ref. N. R. E.); Dallas Railway & Terminal Co. v. Bishop, Tex. Civ.App., 203 S.W.2d 651 (Ref. N. R. E.); Humphreys v. Gribble, Tex.Civ.App., 227 S.W.2d 235 (Ref. N. R. E.); Denison v. Darden Lumber Co., Tex.Civ.App., 21 S.W. 2d 574; Commercial Standard Ins. Co. v. Moore, 144 Tex. 371; 190 S.W.2d 811; Sproles Motor Freight Lines, Inc. v. Long, 140 Tex. 494, 168 S.W.2d 642.

■ In appellants' 11th point it is contended that, in effect, the driver of Banner Dairies truck or any person of ordinary prudence under the circumstances in evidence, should have reasonably foreseen that the drivers of vehicles approaching the place where such truck was negligently parked on the highway at night might be blinded by the lights of other cars stopped or proceeding along the highway, as appellant Bryant was blinded, and that the court, therefore, erred in submitting any issues on "new and independent cause." The point is overruled. That the facts, as herein set out, do raise the question of "new and independent cause" has been decided by our Supreme Court in the case of Tarry Warehouse & Storage Co. v. Duvall, 131 Tex. 466, 115 S.W.2d 401, 405.

It is urged in appellants' third point that the court erred in not rendering judgment for appellant, Barbara Dean Bryant, the minor daughter of W. J. Bryant, who was a passenger in her father's car at the time of the collision because the jury found that she sustained injuries in the collision to her damage in the sum of $700 which were

proximately caused by the negligent acts of the driver of the appellee's truck and trailer.

It is conceded by appellee that Barbara Dean Bryant "an immature child of four years of age" is not precluded from recovery by reason of the contributory negligence of her parent. It is urged, however, that she is barred by reason of the jury finding that the presence of the T. & P. freight truck in the borrow ditch on the south side of the highway with its bright lights shining toward the east constituted a new and independent cause of the collision. We cannot agree with this contention because we are of the opinion that when the verdict is considered as a whole and in connection with the definitions given in the charge, there is actually no finding of "new and independent cause" in the legally accepted meaning of the term such as will relieve an original wrongdoer from liability.

 It is well-settled law that the intervention of a "new and independent cause," by which is meant an unforeseen act or omission of a separate and independent agency which destroys the causal connection between the original negligent act of a defendant and the injury complained of, and becomes in itself the immediate cause of such injury, relieves the original wrongdoer from responsibility for his negligent act. It is held that the defendant's primary negligence must continue as a chain, unbroken by such "new and independent cause", and that when the chain of causal connection between defendant's negligence and the injury complained of is broken by such new and independent cause, the original wrong is not a proximate cause of the injury; that it is but a remote cause and is not actionable. Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274; International-Great Northern R. Co. v. Lowry, 132 Tex. 272, 121 S.W.2d 585; Young v. Massey, 128 Tex. 638, 101 S.W.2d 809; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Panhandle & S. F. Ry. Co. v. Sledge, Tex.Civ.App., 31 S.W.2d 146, affirmed Tex. Com.App., 45 S.W.2d 1112; Moore v. Norman, Tex.Civ.App., 137 S.W.2d 833 (Err. Dis.); Horne Motors, Inc. v. Latimer, Tex. Civ.App., 148 S.W.2d 1000 (Writ Dis.);

Dallas Ry. & Terminal Co. v. Archer, Tex. Civ.App., 167 S.W.2d 290 (Err. Ref.); City of Waco v. Teague, Tex.Civ.App., 168 S.W. 2d 521; Sullins v. Pace, Tex.Civ.App., 208 S.W.2d 583; 65 C.J.S., Negligence, § 111. p. 693; 38 Am.Jur., 724.

 It is to be noted that where the evidence raises the issue of new and independent cause and that term is properly defined as a part of and in connection with the definition of proximate cause that a separate issue on "new and independent cause" should not be submitted since it is but an element of the ultimate issue of proximate cause. Dallas Railway & Terminal Co. v. Bailey, Tex.Sup., 250 S.W.2d 379, 384.

 It is also to be noted that a jury finding that a defendant's negligent act was a proximate cause of an injury is in conflict with a finding that another act, or agency was a " 'new and independent cause' " of such injury. Cox v. Ekstrom, Tex.Civ.App., 163 S.W.2d 845, 846 (Writ Dis.). The courts will refuse, however, to find a conflict if there is any reasonable basis upon which the issues may be reconciled, and in determining the matter, the entire charge will be considered. Casualty Underwriters v. Rhone, 134 Tex. 50, 54, 132 S.W.2d 97, 99; Texas Indemnity Insurance Company v. Staggs, 134 Tex. 318, 327, 134 S.W.2d 1026, 1030.

When so considered, we conclude that there is no conflict in the findings in this case that negligence by the defendant was a proximate cause and that the bright lights of the T. & P. freight truck constituted a new and independent cause of the collision. Our opinion that there is no conflict is based upon the definitions of the terms "proximate cause" and "new and independent cause" in the court's charge, which were as follows:

"Proximate cause of any injury is that cause which in natural and continuous sequence, unbroken by any new and independent cause produces injury, and without which the injury could not have occurred, and from which it ought to have been foreseen or reasonably anticipated by a person in the exercise of ordinary care that the injury complained of, or some similar one,

would result naturally and probably, in the light of attending circumstances.

"You are charged that there may be more than one proximate cause. .

"By the term 'new and independent cause' as used in the above definition of 'proximate cause' is meant a cause or agency over which a person has no control, and which cause or agency a person of ordinary prudence under the same or similar circumstances, would not have reasonably foreseen as acting to bring about the result complained of.

"By the term 'new and independent cause' as used in this charge is meant a cause or agency over which a person has no control, and which cause or agency a person of ordinary prudence under the same or similar circumstances would not have reasonably foreseen as acting to bring about the result complained of."

In spite of the fact that the term "new and independent cause" is used in the above definitions, the new cause therein described is not a true "new and independent cause" in the legally accepted meaning of the term, such as will relieve an original wrongdoer from liability.

 In order to relieve a defendant from responsibility for his negligence a new and unforeseen act or agency relied upon for that purpose must destroy the causal connection between his negligent act and the injury complained of, and thereby become in itself the immediate cause of the injury. Such a new and independent cause (referred to by Judge Smedley as a "true and intervening agency," Gulf, C. & S. F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W. 2d 659), excludes the existence of the defendant's act as a proximate cause. The definition of "new and independent cause" in the instant case as above set out, does not exclude the existence of a proximate cause, that is, it does not describe a cause which destroys the causal connection between the defendant's negligent act and the injury complained of, and thereby becomes in itself the immediate cause of the injury. It is true that the definition describes "proximate cause" as a cause "which in natural and continuous sequence, unbroken by any new and independent cause, produces injury." If, however, the sequence is broken only by a concurring cause and not by a cause which becomes itself the direct cause, to the exclusion of the defendant's original negligent act, then the causal connection is not broken and the original negligent act may still be a proximate cause of the injury.

 The new cause described in the definition in this case was not, therefore, a "new and independent cause" in the legally accepted meaning of the term in spite of the fact that it was so designated. It was only a cause over which the defendant had no control and which he could not have foreseen. At most, it was no more than a concurring cause of the collision and the existence of such a cause does not excuse a defendant from responsibility for his negligent act, even though he could not have foreseen the existence of such concurring cause. Gulf, C. & S. F. Ry. Co. v. Ballew, supra; Texas Power & Light Co. v. Culwell, Tex.Com.App., 34 S.W.2d 820; Robert R. Walker, Inc., v. Burgdorf, Tex., 244 S.W.2d 506.

It follows that the jury finding to the effect that the bright truck lights shining into the eyes of W. J. Bryant, constituted a "new and independent cause" of the collision, was, when considered in connection with the definition by which the jury was guided and with the other findings made by the jury, no more than a finding that such new cause was a concurring cause of the collision. Such finding is not in conflict with the jury finding that the defendant's negligence was a proximate cause of the collision, nor is such finding a bar to recovery by the minor, Barbara Dean Bryant. We sustain the contention that the court erred in not rendering judgment for appellant, Barbara Dean Bryant, for the damages sustained by her and found to have been proximately caused by the negligence of appellee's truck driver.

We have carefully examined the briefs of the parties and the record and find no reversible error presented therein, except the entry of the judgment against the minor appellant, Barbara Dean Bryant. For the

reasons stated, the judgment is reversed insofar as it denies recovery to appellant, Barbara Dean Bryant, and is rendered in her favor for $500 damages and $200 for medical and hospital expenses. In all other respects, the judgment is affirmed.