**O. Dean COUCH, Jr., d/b/a Couch Mortgage Company, Appellant,**

**v.**

**Leslie BABB and wife, Beatrice Babb, Mrs. R. L. Thornton, and Hartford Accident and Indemnity Company, Appellees.**

**No. 6884.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 11, 1968.

Rehearing Denied Jan. 26, 1968.

Robert H. Fisher, Houston, for appellant.

Coker & Coker, Conroe, for appellees.

HIGHTOWER, Chief Justice.

Plaintiffs, Leslie Babb and wife, brought suit against O. Dean Couch, dba Couch Mortgage Company, and other defendants, for cancellation of a mechanic's and materialman's lien and deed of trust upon their homestead. Judgment consistent with their pleadings was entered in favor of plaintiffs by the court sitting without a jury. On this appeal, Couch complains of the failure of the trial court to enter judgment consistent with his cross-action. By said cross-action, he sought to recover the face amount of a $2,997.00 promissory note which had been executed by the Babbs evidencing the lien. The judgment only allowed Couch recovery against the Babbs in the amount paid for the note which was $2,096.25. This was error. The note matured November 9, 1964. In the first count of his cross-petition, Couch sought recovery against the makers of the negotiable promissory note, alleging the face amount of $2,997.00 and the balance owing which was $2,997.00. The pleading filed in answer to the cross-petition was an unverified general denial. Leslie Babb admitted execution of the note, and agreement to pay $2,997.00 for the labor and material described in the contract, and his subsequent refusal to pay the said sum.

Every note holder is deemed a holder in due course and no evidence was presented to assail Couch's position as a holder in due course on the note sued upon. As stated by the Supreme Court in Southwestern Fire & Casualty Company v. Larue, Tex., 367 S.W.2d 162:

> Since the execution of the note and its endorsement were not in issue and since the burden was upon Larue to establish payment on the note, the trial court did not err in overruling Larue's special exception which would have required the company to show what payments had been made and when.

> Nor do the allegations of the company's petition create an ambiguity or an issue of fact. It alleged the face amount of the note and the amount which was due on the note. The company could recover no more than the amount sued for, and the burden was upon Larue to prove payment or release of any further sums.

Since the Babbs admitted executing the note, agreeing to pay the debt evidenced by the note, the failure to pay any part of the debt, Couch should have recovered judgment for the face amount of the note together with interest on the entire amount at the rate of 10% per annum as provided in the note, from date the debt was matured, November 9, 1964.

In the second count of his cross-action, Couch sought recovery against Mrs. R. L. Thornton, the notary public whose signature and seal of office appeared on the contract for labor and material and trust deed executed by Mr. and Mrs. Babb, and against her surety, Hartford Accident and Indemnity Company, for any loss he might suffer in the event it was established at the trial that the notary public had negligently completed this certificate. The trial court found as a fact that representatives of Couch's assignor had represented to Mrs. Thornton that the Babbs were coming in her place of business momentarily, and that she was awaiting their appearance before completing her notarial act. That the Babbs at no time made their appearance before Mrs. Thornton and shortly after finishing her

signature and seal, said representative of Couch's assignor forcefully took the instrument and left her place of business. That Mrs. Thornton had not voluntarily relinquished possession of the instrument prior to completing her notarial duties.

■ This finding by the trial court amounted to a finding that Mrs. Thornton was not negligent or derelict in her duties as a notary public on the occasion in question. Moreover, proximate cause is an essential element of negligence. Foreseeability is an essential element of proximate cause. An act of conduct may be held the proximate cause of injury, loss, or damage only when the calamity or injurious occurrence was the natural and probable result of his acts. Texas and Pacific Ry. Co. v. Floyd, 309 S.W.2d 525 (Tex.Civ.App., Ref. n. r. e.). In order to warrant a finding that negligence was a proximate cause of an injury, the injury must have been foreseeable by the wrongdoer at the instant of the wrong. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560. Further, a new and independent cause will serve to break the causal connection between the original negligent act and the resulting injury. Bryant v. Banner Dairies Inc., 255 S.W.2d 271, (Tex.Civ.App., Ref. n. r. e.).

■ Mrs. Thornton had no way of foreseeing that the said representatives of Couch's assignor would forcibly take away the purported contract before she had completed her notarial act. In any event, the act of these men constitutes a new and independent cause breaking any causal connection.

By his last point of error, Couch complains of the failure of the trial court to find as a fact: "That defendant and cross-plaintiff Couch relied upon the certificate of the notary public, Mrs. R. L. Thornton, in purchasing the promissory note and contract executed by Cross-defendants Babb."

■ The court's failure to so find was not error under the facts of this record. In the first place, the facts which were requested to be found by the court were undisputed in the record and in such case, no finding thereof was necessary. Secondly, the additional findings requested were not material to any issue in the case. Whether Couch relied on the notary public certificate is immaterial if the notary public was guilty of no negligence as found by the court. No judgment could be sustained against the notary public irrespective to the appellant's point, if no negligence was committed by the notary public.

Judgment of the trial court denying Couch recovery for the full face of amount of the note against the Babbs is reversed, and judgment is here rendered that Couch recover the face amount of said note in the sum of $2,997.00 with interest thereon at the rate of 10% per annum from the date of November 9, 1964. In all other respects, the judgment of the trial court is affirmed with costs to be assessed between the parties equally.

Affirmed in part and in part reversed and rendered.

STEPHENSON, Justice.

I respectfully dissent:

The appellant's first point of error, and the only point of error mentioning the amount of the judgment is as follows:

The Court's error in awarding recovery against makers of the note in the amount for which note was purchased, with interest from date of purchase, rather than for the balance owing and sued for.

Finding of Fact #10 made by the trial court is as follows:

That the balance due and owing on said note by Plaintiffs at the time of the entry of the judgment is $2,306.22.

In my opinion this point of error does not raise a "no-evidence" point in reference to the finding by the trial court that the balance due and owing was the amount for

which judgment was entered. Apparently, the appellant did not construe this point of error to be an evidentiary point, as the amount due upon the note according to the evidence is not discussed in the brief. This not being fundamental error, and the appellant's points or error failing to raise the matter passed upon by the majority opinion, I would affirm the judgment of the trial court.